IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00666-SKC

JAQUELINE CARRILLO ALONZO,

    Petitioner,

v.

JUAN BALTAZAR, *et al.*,

    Respondents.

---

## ORDER

---

Petitioner Jaqueline Carrillo Alonzo was brought into the United States uninspected when she was a toddler, and she has lived here for nearly 30 years. Dkt. 1, ¶23. She is married to a U.S. citizen, has two children, both of whom are also U.S. Citizens, and she has significant ties to her community. *Id.* at ¶29. Ms. Carrillo Alonzo was apprehended by the Department of Homeland Security (DHS) on December 5, 2025, and is currently being detained at the Aurora Contract Detention Facility. *Id.* at ¶3.

Ms. Carrillo Alonzo filed a Petition for Writ of Habeas Corpus on February 18, 2026, seeking an order from this Court directing Respondents to affect her immediate release or provide her with a bond hearing. *Id.* at pp.28-29. She contends she is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). *See generally*

1

Dkt. 1. Magistrate Judge Kathryn A. Starnella ordered Respondents[1] to respond to the Petition within five days of service and show cause why it should not be granted. Dkt. 4. Respondents timely filed their Answer to the Petition on February 24, 2026. Dkt. 10.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*. Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Response, the various attachments, and the governing law. Because Ms. Carrillo Alonzo's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

This matter presents a similar factual background and procedural posture to

---

[1] "Respondents" refers to Pamela Bondi, the United States Attorney General; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; Robert Hagan, the Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Denver ICE Detention Center.

2

another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Aleman Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id*.

In much appreciated candor, Respondents acknowledge that the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*. Dkt. 15, pp.2-5. Although they disagree with the Court's previous conclusions, they recognize that the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id*. Respondents also discuss the Fifth Circuit's recent order in *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *5–10 (5th. Cir. Feb. 6, 2026), wherein that court agreed with Respondents' interpretation of the relevant statutes and they have attached their response brief in *Mendoza Gutierrez v. Baltazar*, 25-cv-2720-RMR, which explains their positions on these matters (Dkt. 10-1).

The Court has reviewed the Fifth Circuit's opinion but is instead persuaded

3

by District Judge Charlotte N. Sweeney's analysis in *Singh v. Baltazar*, --- F.Supp.3d ---, 2026 WL 352870, at \*\*3-6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the Fifth Circuit's reasoning. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez, supra*, as though stated fully herein.

Ms. Carrillo Alonzo has been in this country for nearly 30 years. To be sure, she has no memories of living in any country other than the United States. Dkt. 1, ¶3. Therefore, it cannot be said that she is *seeking* admission as described under 8 U.S.C. § 1225(b)(2)(A); rather, she may only properly be detained under § 1226. *See Aleman Hernandez*, 2025 WL 3718159, at \*\*2-7. Therefore, DHS's continued detention of Ms. Carrillo Alonzo pursuant to § 1225 is unlawful. *Id.*

## REMEDY

The Court turns now to the question of relief. In this instance, the Court cannot conclude that ordering Respondents to provide Ms. Carrillo Alonzo with a bond hearing under § 1226 is an appropriate remedy. Not only is Petitioner's continued detention pursuant to § 1225 unlawful, but there is no indication that her original detention by DHS was lawful. Under § 1226, a noncitizen may only be arrested pursuant to a "warrant issued by the Attorney General." 8 U.S.C. § 1226(a). In this case, there is no indication that Ms. Carrillo Alonzo was arrested pursuant to an administrative warrant.

4

Respondents had an opportunity in their papers to argue in the alternative that Ms. Carrillo Alonzo was subject to detention under § 1226 or provide some evidence that a warrant for her arrest had been issued. But they did not. Because Respondents have offered no lawful basis for her detention, the Court concludes Ms. Carrillo Alonzo is entitled to immediate release. *Rivero v. Mina*, No. 6:26-cv-66-RBD-NWH, 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026); *see also Bethancourt Soto v. Soto*, ---F.Supp.3d---, 2025 WL 2976572, at *9 (D.N.J. Oct. 22, 2025). "Forcing a detainee to wait for a hearing for days or weeks more in custody—under who knows what conditions—when he is not lawfully detained in the first place would gut the purpose of habeas review." *Rivero v. Mina*, 2026 WL 199319, at *4.

*   *   *

For the reasons shared above, Jaqueline Carrillo Alonzo's Petition for Writ of Habeas Corpus is **GRANTED**[2] and the Court **ORDERS** as follows:

1. Ms. Carrillo Alonzo is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining her under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Ms. Carrillo Alonzo from detention. However, if Ms. Carrillo Alonzo resides outside of Colorado and is only in

---

[2] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

this state because Respondents transferred her here, Ms. Carrillo Alonzo shall remain in Respondents' temporary custody for the sole purpose of Respondents effectuating her return to her place of residence.

3. If necessary, Respondents **SHALL** transport Ms. Carrillo Alonzo back to her place of residence outside of Colorado, **at their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Ms. Carrillo Alonzo to return home, Respondents are also temporarily enjoined from detaining Ms. Carrillo Alonzo pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

5. On or before Monday, March 2, 2026, Respondents shall confirm in writing Petitioner's release from custody and, if necessary, her return home.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED:   February 25, 2026, 2:17 PM.

BY THE COURT

_____
S. Kato Crews
United States District Judge